## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| **JAMES BRYER, Individually and For Others Similarly Situated,**<br><br>**v.**<br><br>**SAULSBURY INDUSTRIES, INC.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Saulsbury Industries, Inc. (Saulsbury) failed to pay James Bryer (Bryer), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, Saulsbury pays Bryer, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.      Bryer brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

6.      Saulsbury maintains its headquarters in this District and Division.

### THE PARTIES

7.      Bryer is an hourly employee of Saulsbury. His written consent is attached as Exhibit A.

8.      Saulsbury is a Texas corporation. Saulsbury may be served with process by serving its registered agent at Corporation Service Company D/B/A CSC Lawyers INCO, 211 E. 7th Street, Austin, Texas 78701.

## COVERAGE UNDER THE FLSA

9.      At all times hereinafter mentioned, Saulsbury was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.     At all times hereinafter mentioned, Saulsbury was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.     At all relevant times, Saulsbury was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

12.     At all relevant times, Saulsbury had an annual gross volume of sales made in excess of $1,000,000.00.

13.     At all times hereinafter mentioned, Bryer and the Putative Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

14.     Saulsbury is a leading engineering, construction and fabrication company to heavy industrial clients across the United States.

15.     Bryer is an hourly employee of Saulsbury.

16.     Bryer was hired around November 2017.

17.     Bryer is a Project Control Manager for Saulsbury.

18.     Saulsbury pays Bryer by the hour.

19.     Saulsbury pays Bryer $72.11 per hour.

20.     Bryer reports the hours he works to Saulsbury on a regular basis.

21.     If Bryer works fewer than 40 hours in a week, he is only paid only for the hours he worked.

22.     Bryer regularly works more than 40 hours in a week.

23.     The hours Bryer works are reflected in Saulsbury's records.

24.     Saulsbury pays Bryer at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

25.     Rather than receiving time and half as required by the FLSA, Bryer only receives "straight time" pay for overtime hours worked.

26.     This "straight time for overtime" payment scheme violates the FLSA.

27.     Saulsbury was aware of the overtime requirements of the FLSA.

28.     Saulsbury nonetheless failed to pay certain hourly employees, such as Bryer, overtime.

29.     Saulsbury's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

30.     Saulsbury's illegal "straight time for overtime" policy extends beyond Bryer.

31.     It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

3

32.     Saulsbury has paid and pays hundreds of hourly workers using the same unlawful scheme.

33.     Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

34.     The workers impacted by Saulsbury's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

> **All hourly employees of Saulsbury Industries, Inc. who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members")**

### CAUSE OF ACTION

35.     By failing to pay Bryer and the Putative Class Members overtime at one-and-one-half times their regular rates, Saulsbury violated the FLSA's overtime provisions.

36.     Saulsbury owes Bryer and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

37.     Because Saulsbury knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Saulsbury owes these wages for at least the past three years.

38.     Saulsbury is liable to Bryer and the Putative Class Members an amount equal to all unpaid overtime wages as liquidated damages.

39.     Bryer and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

43.     Bryer prays for relief as follows:

      a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b. Judgment awarding Bryer and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Bryer and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
  **Michael A. Josephson**
  State Bar No. 24014780
  mjosephson@mybackwages.com
  **Richard M. Schreiber**
  State Bar No. 24056278
  rschreiber@mybackwages.com
  **Andrew Dunlap**
  State Bar No. 24078444
  adunlap@mybackwages.com
  **Lindsay R. Itkin**
  State Bar No. 24068647
  litkin@mybackwages.com
  **JOSEPHSON DUNLAP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile

  **AND**

  **Richard J. (Rex) Burch**
  Texas Bar No. 24001807
  **BRUCKNER BURCH, P.L.L.C.**
  8 Greenway Plaza, Suite 1500
  Houston, Texas 77046
  713-877-8788 – Telephone
  713-877-8065 – Facsimile
  rburch@brucknerburch.com

  **ATTORNEYS IN CHARGE FOR PLAINTIFF**